PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiff
ALYSE M. CATON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - BAKERSFIELD DIVISION

| | |
|---|---|
| ALYSE M. CATON,<br><br>    Plaintiff,<br><br>    vs.<br><br>SALLIE MAE, INC.; and DOES 1 to 10, inclusive,<br><br>    Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [Cal. Civ. Code § 1788]**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## COMPLAINT FOR DAMAGES

### I.     INTRODUCTION

1.     Alyse M. Caton ("Plaintiff") brings this action to secure redress from Sallie Mae, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Rosenthal Fair Debt Collection

Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"). The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II. JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## III. PARTIES

4. Plaintiff is an individual, residing in Bishop, Inyo County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

5. Defendant, Sallie Mae, Inc., at all times relevant hereto, and in the ordinary course of business, engaged in the business of processing and collecting private student loans in addition to purchasing, collecting, and attempting to enforce debts in the State of California.

6. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt

collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c). Defendant regularly engages in the collection of debt by telephone in several states, including California.

7. Defendant, Sallie Mae, Inc., is incorporated under the laws of the State of Delaware, with its principal place of business at 2001 Edmund Halley Dr., Reston, VA 20191.

8. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. FACTUAL ALLEGATIONS

9. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f) ("alleged debt").

10. At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers 888-272-5543, 877-493-7438, and 513-605-7548. At all times relevant to this action, Defendant called Plaintiff from, but not limited to the above-mentioned telephone numbers.

11. At all times relevant to this action, Defendant called Plaintiff at, but not limited to, Plaintiff's cellular telephone number (760) 258-5805.

12. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

13. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed numerous calls to Plaintiff's cellular phone, through the usage of an auto-dialer, for the purpose of collecting a consumer debt.

15. On November 29, 2013, Plaintiff received a call from Defendant at 9:08 a.m. Defendant called Plaintiff from (888) 272-5543.

16. Plaintiff advised Defendant that she did not have the financial ability to pay Defendant, and requested that Defendant stop calling Plaintiff on her cellular phone. Plaintiff advised Defendant that she would call Defendant once she had the ability to pay. As such, Plaintiff expressly revoked any prior express consent allegedly given to Defendant to contact Plaintiff on her cellular phone.

17. Despite the express revocation of consent to be called, Defendant continued to place auto-dialer calls to Plaintiff's cellular phone, as outlined below.

18. On December 2, 2013, after receiving one of numerous calls from the auto dialer service used by Defendant, Plaintiff, answered her phone, spoke with an agent, and requested *again* that Defendant stop calling her on her cellular phone.

19. Despite the requests, Defendant continued to use an automatic telephone dialing system to place phone calls to Plaintiff's cellular phone on the following dates and times:

   a. 888-272-5543 on November 30, 2013 at 8:55 a.m.
   b. 888-272-5543 on December 4, 2013 at 3:39 p.m.
   c. 888-272-5543 on December 5, 2013 at 9:25 a.m.
   d. 888-272-5543 on December 6, 2013 at 8:09 p.m.
   e. 888-272-5543 on December 6, 2013 at 12:57 p.m.
   f. 888-272-5543 on December 13, 2013 at 10:06 a.m.
   g. 888-272-5543 on December 14, 2013 at 8:12 a.m.

  h. 888-272-5543 on December 16, 2013 at 9:00 a.m.

  i. 888-272-5543 on December 17, 2013 at 5:38 p.m.

  j. 888-272-5543 on December 18, 2013 at 11:34 a.m.

  k. 888-272-5543 on December 19, 2013 at 10:31 a.m.

  l. 888-272-5543 on December 21, 2013 at 8:50 a.m.

  m. 888-272-5543 on December 23, 2013 at 11:24 a.m.

  n. 888-272-5543 on December 23, 2013 at 4:45 p.m.

  o. 888-272-5543 on December 26, 2013 at 12:09 p.m.

  p. 888-272-5543 on December 27, 2013 at 1:24 p.m.

20. After receiving the above-mentioned calls, on December 27, 2013, Plaintiff mailed Defendant a written request that Defendant stop calling Plaintiff on her cellular phone. Despite the written request, Defendant continued to call Plaintiff at the following dates and times, albeit from different phone numbers:

  a. 877-493-7438 on January 6, 2014 at 3:36 p.m.

  b. 877-493-7438 on January 7, 2014 at 8:58 a.m.

  c. 877-493-7438 on January 8, 2014 at 8:40 a.m.

  d. 513-605-7548 on January 11, 2014 at 8:12 a.m.

  e. 513-605-7548 on January 14, 2014 at 8:05 a.m.

21. Plaintiff has suffered actual damages as a result of these unlawful collection communications by Defendant in the form of anger, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

22. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

23. The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

24. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

25. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA, 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

26. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number (760) 258-5805 multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA, 47 U.S.C. § 227(a)(1)(A) and (B).

27. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

28. Assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on, but not limited to, November 29, 2013, and December 2, 2013.

29. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

30. Defendant is not a tax exempt nonprofit organization.

31.   Defendant's violation of the TCPA was willful.  Defendant's violation of the TCPA was willful because Plaintiff requested no less than three (3) times that Defendant stop calling Plaintiff on Plaintiff's cellular telephone.

32.   Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than twenty one (21) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V.   FIRST CAUSE OF ACTION

## Violation of the Rosenthal Fair Debt Collection Practices Act
## CAL. CIV. CODE § 1788

33.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.   Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)   Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)   Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c)   Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692(c)(c) by communicating with the consumer with respect to a debt, after the consumer notifies the debt collector in writing that the consumer the

consumer wishes the debt collector to cease further communication with the consumer; and

(ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(iv) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

35. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## VI.  SECOND CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the

- 8 -

COMPLAINT FOR DAMAGES
13-cv-XXXXXX

prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

39. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d)  As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to Cal. Civ. Code § 1788.30(b); and

(f) Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c); and

(g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(h) For such other and further relief as the Court may deem just and proper.

## VIII.  DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: January 21, 2014

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
*Attorney for Plaintiff*